IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| VICTORIA OKHUELEIGBE | § § | |
| VS. | § § | |
| THOMAS LOYD HARRIS, CITY OF HOUSTON, MAZADA ENTERPRISES DBA STUDIO 59 BAR AND GRILL And BEAU FERGUSON | § § § § § § § | CIVIL ACTION NO. 11-2839 (Jury Trial Demanded) |

**PLAINTIFF LAWRENCE NWORA, ADMINSTRATOR OF THE ESTATE OF SYLVANUS OKHUELEIGBE'S RESPONSE TO DEFENDANT THOMAS LOYD HARRIS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE HITTNER:

Plaintiff, Lawrence Nwora, Adminstrator of the Estate of Sylvanus Okhueleigbe, files this his Plaintiff's Response to Thomas Loyd Harris's Motion to Dismiss and would respectfully show as follows:

1. In reviewing a Rule 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). If a Plaintiff has provided fair notice of the nature of the claim and plausible factual allegations to support the claim, the motion should be denied. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A Rule 12 (b) (6) motion cannot be used to resolve factual issues or the merits of the case.

*Republican Party v. Martin* 980 F2d 943, 952 (4th Cir.1992). A Rule 12(b)(6) dismissal for failure to state a claim is appropriate only when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face, and when the plaintiff fails to plead facts "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

2. On March 30, 2012, the Court entered an order granting Defendant Harris's Motion to Dismiss as to Plaintiff Victoria Okhueleiugbe as to any claims that Defendant Harris was acting in his official capacity and any claims under the Fourteenth Amendment of the U.S. Constitution. The Court otherwise denied the Defendant's Motion. Most importantly for the purposes of this motion, the Court denied Defendant Harris's Motion with regard to Plaintiff's claims that Defendant Harris violated Sylvanus Okhueleigbe's Fourth Amendment rights by using excessive force.

3. Plaintiffs have never contended that Defendant Harris is liable in an official capacity; instead, it has been the position of Plaintiffs that Harris is liable in his individual capacity. In this respect, Defendant Harris's Motion to Dismiss is an attempt to kick-in an open door.

4.  With regard to Plaintiffs' claims that Defendant Harris is liable in his individual capacity, Defendant states "Plaintiff's claims fail to overcome qualified immunity." The doctrine of qualified immunity protects government officials, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). The Supreme Court in *Tennessee v. Garner*, 471 U.S. 1 (1985) set out the standard for when deadly force by an officer is constitutional: "We conclude that such force may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.*, at 3. Chokeholds such as the one employed by Defendant are a form of deadly force. *McQurter v. City of Atlanta* 572 F. Supp. 1401 (N.D. Georgia, 1983).

4.  Defendant contends that Plaintiff has failed to set out specific facts as to why the Defendant cannot maintain a defense of qualified immunity (Defendant's motion paragraph II. B). Defendant does not state how Plaintiff's pleadings are deficient. More importantly, Plaintiff's pleading is not factually deficient.

Plaintiff's Amended Complaint states in pertinent part:

This suit arises out of an incident that occurred on July 4, 2009 at approximately 1:40 a.m. On that date, Sylvanus Okhueliegbe was a customer at the Studio 59 Bar and Grill located in Stafford, Texas. On that occasion he was approached by Defendant Thomas Loyd Harris, a Houston Police Department detective, in the parking lot of the Studio 59 Bar and Grill. Defendant Harris identified himself to Okhueliegbe as a police officer. He detained Sylvanus Okhueliegbe by telling him not to move even though Okhueliegbe had not committed any crime, was not accused of a crime, and was not even suspected of having committed a crime. Okhueliegbe was unarmed. Defendant Harris was carrying a sidearm. Okhueliegbe did not threaten Defendant Harris. Okhueliegbe did not threaten any other person. Okhueliegbe did not pose a threat to Defendant Harris or any other person. Okhueliegbe was not intoxicated. Okhueliegbe was not under the influence of any drugs, legal or illegal. Okhueliegbe was not acting erratically. Okhueliegbe had not been asked to leave the premises by any person. Okhueliegbe did not strike Defendant Harris or cause him any injury. Okhueliegbe did not fail to follow any commands of Defendant Harris. Specifically, he stopped when he was told to and he attempted to produce ID when asked (although Defendant Harris knocked it out of his hand). Defendant Harris, who had been drinking alcohol for several hours,

got Okhueliegbe in a chokehold from behind, what is known as a "rear naked choke." Harris, who was approximately ten inches taller than Okhueliegbe and outweighed him by more than fifty pounds, got Okhueliegbe on the ground, face down, while still applying his chokehold. Still applying the chokehold from behind Defendant Harris lay on Okhueliegbe's back, further depriving Okhueliegbe of oxygen. While Okhueliegbe was on the ground Defendant Beau Ferguson also lay on Okhueliegbe. The choke hold by itself or combined with the weight of the two men caused Okhueliegbe to asphyxiate. On autopsy, the cause of death was listed as asphyxiation with neck compression and fracture of the thyroid cartilage. The manner of death was listed as homicide.

(Plaintiff's Amended Complaint Paragraph 8)

5. Therefore, Plaintiff has provided fair notice of the nature of the claim and plausible factual allegations to support the claim, the motion should be denied.

6. The Court having previously dismissed Plaintiff's Fourteenth Amendment claims against Defendant Harris, the Plaintiffs do not disagree with Defendant's *res judicata* analysis; however, by the same analysis the Plaintiff Estate's Fourth Amendment complaints should not be dismissed as

Defendant has not presented any new arguments as to why the Fourth Amendment claims should not survive.

13. Pleading strictly in the alternative, if the Court should grant Defendant's Motion, Plaintiff respectfully requests leave to amend.

                                  Respectfully submitted,

                                  CHRISTOPHER D. WILSHER
                                  ATTORNEY AT LAW

                                  _____
                                  Christopher D. Wilsher
                                  State Bar No. 21665400
                                  2617C West Holcombe Blvd., # 482
                                  Houston, Texas 77025
                                  (713) 776-0611 Office
                                  (713) 667-2011 Fax
                                  ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing document was served in accordance with the Federal Rules of Civil Procedure on this the 1st day of June 2012.

Ms. Andrea Chan
P.O. Box 368
Houston, TX 77001-0368

Joseph Fowell
Tritco & Rainey
446 Heights Blvd.
Houston, TX 77007

Shaun Hodge
The Hodge Law Firm
Old Galveston Square
2211 The Strand, Suite 201
Galveston, TX 77550

Christopher D. Wilsher