IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTORIA OKHUELEIGBE | § § § | |
| Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 11-2839 |
| | § | (Jury Trial Demanded) |
| THOMAS LOYD HARRIS, ET AL | § § | |
| Defendants. | § | |

**AMENDED ANSWER OF DEFENDANT, CITY OF HOUSTON
TO PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE JUDGE HITTNER:

Defendant, City of Houston, files this answer and affirmative defenses to Plaintiffs Amended Complaint:

ANSWER

1. Upon information and belief, the City admits the allegations of paragraph 1.

2. The City admits deny the allegations of paragraph 3.

3. The City admits the allegations of paragraph 4.

4. The City admits the allegations of paragraph 5.

5. Upon information and belief, the City admits the allegations paragraph 6.

6. The City admits that venue is proper.

7.      Upon information and belief, the City admits that on or about July 3 or July 4, 2009, Sylvanus Okhueliegbe was a customer at the Studio 59 Bar and Grill located in Stafford, Texas.  Upon information and belief, the City admits that Mr. Okhueliegbe interacted with Thomas Harris, an employee of the City of Houston Police Department, in the parking lot of the bar.  Upon information and belief, the City admits that an altercation between Mr. Okhueliegbe and Mr. Harris ensued, that Mr. Harris attempted to show Mr. Okhueliegbe his police identification but was unable to, and that Mr. Okhueliegbe became unconscious and eventually died.  Upon information and belief, the City admits that Mr. Harris had consumed alcohol during the evening prior to Mr. Okhueliegbe's death.  Defendant admits that Mr. Okhueliegbe's death was classified as a homicide and that the Harris County Medical Examiner's Office listed asphyxiation as a cause of death.  Defendant denies all other allegations of paragraph 8.

8.      The City denies the allegations of paragraph 9.

9.      The City does not have sufficient information to admit or deny the allegations of paragraph 10.

10.     The City denies the allegations of paragraph 11.

11.     The City denies the allegations of paragraph 12.

12.     The City admits that although Mr. Harris is employed by the City a police officer, Mr. Harris was not acting in the course and scope of his employment with the Houston Police Department, but as a private citizen, at the time of the events leading to the death of Mr. Okhueliegbe. The City denies all other the allegations of paragraph 13.

13.     The City does not have sufficient information to admit or deny the allegations of paragraph 14.

14.     The first paragraph 15 does not require a response. To the extent further answer is necessary, the City denies the allegations of first paragraph 15.

15.     The second paragraph 15 does not require a response. To the extent further answer is necessary, the City denies the allegations of second paragraph 15.

16.     Defendant denies that its alleged gross negligence and/or intentional acts caused Mr. Okhueliegbe's death, that Chapter 41 of the Texas Civil Practice and Remedies Code applies, and that plaintiff can recover punitive damages from defendant.

17.     The City denies the allegations of paragraph 16.

18.     The City denies the allegations of paragraph 17.

19.     The City denies the allegations of paragraph 19.

20.     The City denies the allegations of paragraph 20.

## AFFIRMATIVE DEFENSES

21. Without waiving the foregoing, defendants make the following specific denials, affirmative defenses, and/or defenses:

22. Defendant invokes official, sovereign, and/or qualified immunity from plaintiff's claims.

23. Defendant denies it violated 42 U.S.C. § 1983.

24. Defendant denies it deprived Mr. Okhueliegbe of his alleged constitutional rights.

25. Defendant asserts that plaintiff's claims for damages are too speculative to form the basis of recovery.

26. To the extent that plaintiffs are alleging any state claims, if any, under chapter 101 of the Texas Civil Practice and Remedies Code, also known as the Texas Tort Claims Act ("the Act"), common law, or other, defendant denies any and all negligence and/or tortious conduct on defendant's part, and assert all defenses recognized by the Act, common law and other, including but not limited, to sovereign, official and/or qualified immunity.

27. Defendant alleges that new and independent causes exist which destroys the causal connection between defendant's alleged acts or omissions and plaintiffs' claims.

28. Defendant alleges that plaintiffs failed to state a cause of action against it and failed to show waiver of this defendant's immunities from both suit and liability.

29. Defendant alleges that plaintiff, Sylvanus Okhueliegbe, third parties, and/or others, not under the control of defendant, contributed to and/or proximately caused the subject incident and/or alleged damages.

30. Defendant specifically and affirmatively pleads that it cannot be liable based on negligence or gross negligence theories for claims brought under 42 U.S.C. § 1983.

31. The incident out of which this lawsuit grew and the consequent damages, if any, to plaintiffs were not caused by any act of negligence either of omission or of commission on the part of defendant, but to the contrary, such injuries and damages alleged by plaintiffs were directly and proximately caused by the negligence and intentional acts/or and omissions of plaintiff, others and/or third party.

32. Defendant further alleges that plaintiffs and/or plaintiffs' decedent, Mr. Okhueliegbe, was contributorily negligent and/or assumed the risk for this incident.

33. Defendant alleges plaintiffs and/or plaintiffs' decedent, Mr. Okhueliegbe, was the sole proximate cause of the subject incident.

34. Defendant alleges that the cause of plaintiffs' injuries and damages were the result of a preexisting condition.

35. Defendant specifically and affirmatively pleads that plaintiffs failed to mitigate their damages.

36. Defendant specifically and affirmatively pleads that it cannot be liable for punitive damages.

## JURY DEMAND

37. Defendant asserts its rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

WHEREFORE, the City of Houston, defendant, prays that upon final hearing plaintiffs take nothing defendant by reason of this suit; that it recover its costs, and that it have such other relief to which it may be justly entitled.

Respectfully submitted,

DAVID M. FELDMAN
City Attorney

LYNETTE K. FONS
First Assistant City Attorney

DONALD J. FLEMING
Senior Assistant City Attorney
Chief, Labor Section

/s / Andrea Chan
Andrea Chan
Attorney In Charge

                                        Senior Assistant City Attorney
                                        Federal ID 14943; SBN 04086600
                                        andrea.chan@houstontx.gov
                                        Dimple Joseph
                                        Assistant City Attorney
                                        Federal ID 1128960; SBN 24060049
                                        dimple.joseph@houstontx.gov
                                        City of Houston Legal Department
                                        P.O. Box 368
                                        Houston, Texas 77001-0368
                                        Phone: (832) 393-6480
                                        Facsimile: (832) 393-6259

                                        ATTORNEYS FOR DEFENDANT
                                        CITY OF HOUSTON

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure using the CM-ECF system ___th day of September, 2012.

| | |
|---|---|
| Mr. Christopher D. Wilsher<br>Attorney at Law<br>2260 West Holcombe Blvd., #248<br>Houston, Texas 77030<br>Counsel for Plaintiff | Mr. Christopher L. Tritico<br>Attorney in Charge<br>Jason L. Fowell<br>Tritico Rainey, PLLC<br>446 Heights Boulevard<br>Houston, Texas 77007<br>Counsel for Defendant,<br>Thomas Loyd Harris |
| Shaun Hodge<br>Attorney at Law<br>2211 The Strand, Ste. 201<br>Galveston, Texas 77550<br>Counsel for Defendant,<br>Mazada Enterprises, d/b/a/ Studio 59<br>Bar and Grill | |

/s / Andrea Chan
Andrea Chan

G:\LABOR\AChan\OKHUELEIGBE\amd ans 2d cpt.wpd