IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTORIA OKHUELEIGBE | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 11-cv-2839 |
| | § | |
| THOMAS LOYD HARRIS, CITY | § | |
| OF HOUSTON, MAZADA | § | |
| ENTERPRISES D/B/A STUDIO | § | |
| 59 BAR AND GRILL AND | § | |
| BEAU FERGUSON | § | |
|    Defendants. | § | JURY TRIAL DEMANDED |

**DEFENDANT THOMAS HARRIS' MOTION FOR LEAVE TO SUPPLEMENT HIS POTENTIAL WITNESS LIST**

**TO THE HONORABLE JUDGE OF SAID COURT:**

THOMAS LOYD HARRIS, Defendant in the above-entitled cause, request leave of court to supplement his potential witness list with one witness, Mr. Beau Ferguson, and in support thereof would respectfully show this Honorable Court as follows:

**I.
BACKGROUND FACTS**

The present matter arises out of an incident that occurred at the Studio 59 Bar and Grill on July 4, 2009. At the time of the incident Beau Ferguson was the manager of the Studio 59 Bar and Grill and was a witness to and participated in the incident made the basis of the present matter. Mr. Ferguson witnessed the actions and statements of the

1

Plaintiff, the actions and statements of the other participants and the actions and statements of Defendant Thomas Harris.

Plaintiff filed suit on July 1, 2011 naming as defendants Thomas Loyd Harris, City of Houston, Mazda Enterprises d/b/a Studio 59 Bar and Grill, and **Beau Ferguson**. (Dkt. 1). Defendant Thomas Harris disclosed Beau Ferguson as a person with relevant knowledge and as a witness of the incident in Defendant's discovery responses.

As this court is well aware, another proceeding was instituted as a result of the facts made the basis of the present litigation. Mr. Ferguson testified in that proceeding which began on March 22, 2011 and ended on March 30, 2011.

On May 10, 2012, Plaintiff filed an Amended Complaint. Once again Plaintiff named Beau Ferguson as a defendant. (Dkt. 28).

On October 11, 2013 a default judgment was entered against Defendant Beau Ferguson.

On October 11, 2013 Plaintiff filed her proposed witness list. (Dkt. 66-2). On October 11, 2013 Defendant Thomas Harris filed his proposed witness list. (Dkt. 66-2). Defendant Thomas Harris inadvertently omitted Beau Ferguson as a witness.

## II.
## ARGUMENT AND AUTHORITIES

Defendant Thomas Harris would respectfully request this court grant Defendant Thomas Harris leave to supplement his witness list naming Beau Ferguson as a potential witness.

This Honorable Court has the discretion to allow the late designation of a witness. In exercising that discretion, the Fifth Circuit has looked at four factors:

(1) the explanation for the failure to identify the witness;

(2) the importance of the testimony;

(3) potential prejudice in allowing the testimony; and

(4) the availability of a continuance to cure such prejudice.[1]

Defendant's failure to list Mr. Beau Ferguson as a witness was simply an oversight. This is not a case where defendant engaged in a game of hide the witness. Defendant listed Mr. Ferguson as a witness in defendant's discovery responses and Plaintiff has, at all times, been aware of Mr. Beau Ferguson's involvement in the facts made the basis of the present. Plaintiff even named Mr. Beau Ferguson as a defendant in the present matter.

The importance of Mr. Ferguson's testimony cannot be understated. Mr. Ferguson participated in and observed the events made the basis of the present lawsuit. He overheard statements made by all parties, he observed the actions of all parties, and he observed the actions and/or witnessed the statements of the other participants and/or witnesses. In fact, it was Mr. Ferguson that swept the deceased's legs out from under the deceased making the deceased fall to the ground. Mr. Ferguson's testimony is essential.

The Plaintiff will not be prejudiced by allowing Defendant to designate Beau Ferguson as a witness. Plaintiff, no doubt, was aware Mr. Ferguson was a witness in the present matter. Mr. Ferguson testified in the earlier proceeding. Plaintiff named Mr.

---

[1] *Betzel V. State Farm Lloyds*, 480 F.2d 704 (5th Cir. 2007)

3

Ferguson as a defendant in their original complaint filed on July 1, 2011 which was removed to this court on August 1, 2011. Plaintiff again named Mr. Beau Ferguson as a defendant in Plaintiff's Amended Complaint filed on May 10, 2012. Defendant Thomas Harris listed Mr. Beau Ferguson as a witness in defendant's discovery responses. At no time has Plaintiff been deprived of the opportunity to depose Mr. Beau Ferguson. In the present case, Plaintiff has the testimony of Mr. Beau Ferguson from the other proceeding.

As to the fourth factor, because there exists no prejudices, a continuance is not necessary. However, should this Honorable Court determine that Plaintiff will be prejudiced there are other, less severe actions this Honorable Court could fashion -- for example, the court could limit the testimony to the testimony of Mr. Beau Ferguson in the prior proceeding. However, Plaintiff will not be prejudiced by granting Defendant Thomas Harris leave to Supplement His Potential Witness List naming Beau Ferguson as a potential witness attached hereto as Exhibit 1.

## IV.
## PRAYER

Defendant requests this Honorable Court grant Defendant leave to supplement his potential witness list and that the Court make such other orders as the Court deems fair and just.

Respectfully submitted,

**TRITICO RAINEY, P.L.L.C.**

/s/ Christopher L. Tritico
Christopher L. Tritico

*Attorney in Charge*
S.D. Bar No. 10430
Jason L. Fowell
S.D. Bar No. 36815
Tritico Rainey, PLLC
ctritco@triticorainey.com
jfowell@triticorainey.com
446 Heights Boulevard
Houston, Texas  77007
713-581-3399
713-581-3360 (Facsimile
Attorneys for Defendant Thomas Harris

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Leave to File an Amended Witness List was served in accordance with the Federal Rules and/or via the Court's electronic notification system on October 15, 2013.

Christopher D. Wilsher
2617C W. Holcombe Blvd., #482
Houston, Texas  77025
713-776-0611
713-667-2011 (Facsimile)
Attorney for Plaintiff

David Feldman
Van Gardner
Diedra Norris
City of Houston Legal Department
PO Box 368
Houston, Texas 77001
832-393-6480
832-393-6259 (Facsimile)
Attorneys for Defendant
City of Houston

Shaun Hodge
2211 The Strand, Suite 201
Galveston, Texas  77550
409-763-3260
409-763-8154 (Facsimile)
Attorney for Defendant Mazada
Enterprises, d/b/a Studio 59 Bar & Grill

                                        /s/ Christopher L. Tritico
                                        Christopher L. Tritico